IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SAMIR ANNABI,

    Plaintiff,

V

LIVE NATION WORLDWIDE, INC.,
d/b/a 20 MONROE LIVE, a Foreign Corporation,
and 20 MONROE BLDG. CO. LTD PARTN,
A Michigan business entity,

    Defendants.
_____/
KENNETH D. FINEGOOD, P.L.C.
KENNETH D. FINEGOOD (P36170)
Attorney for Plaintiff
29566 Northwestern Hwy Ste. 120
Southfield, MI 48034
248- 351-0608
Kdfesq44@aol.com
_____/

## **COMPLAINT AND DEMAND FOR JURY**

NOW COMES Plaintiff, SAMIR ANNABI by and through his attorney, Kenneth D. Finegood, P.L.C. and for his complaint states as follows:

### **JURISDICTION AND VENUE**

1.    This action arises out of a premises accident with jurisdiction of the court based upon 28 U.S.C. 1332 (Diversity of Citizenship).

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 as the corporate defendant does business in the western district of Michigan, and this district is where the claim arose.

3.    The amount in controversy exceeds seventy-five thousand ($75,000.00) dollars.

1

## COUNT I

4. That plaintiff SAMIR ANNABI is a citizen of the state of New York, domiciled as a permanent resident of the city of Yonkers, New York.

5. That at the time of the incident complained of defendant LIVE NATION WORLDWIDE, INC. (hereinafter referred to as "LIVE NATION") was a foreign corporation, incorporated in the state of Delaware, doing business as 20 Monroe Live, an entertainment venue located at 11 Ottawa Ave., NW, Grand Rapids, MI 49503

6. That at the time of the incident complained of defendant 20 MONROE BLDG. CO. LTD. PARTN (hereinafter referred to as "20 MONROE BLDG.") was a Michigan business entity, that owned the entertainment venue located at 11 Ottawa Ave., NW, Grand Rapids, MI 49503

7. That on or about May 2, 2019 defendants LIVE NATION and 20 MONROE BLDG either owned, possessed and or exercised control of the premises located at 11 Ottawa Ave., NW, Grand Rapids, MI 49503

8. That defendants LIVE NATION and 20 MONROE BLDG had notice that its venue was used by business invitees.

9. That on or about May 2, 2019, plaintiff SAMIR ANNABI, (ANNABI) was a business invitee of defendants, lawfully upon defendants' premises working as a runner for the entertainer DMX, performing at the venue known as 20 Monroe Live.

10. That ANNABI requested assistance of defendants' employees in locating the venue facilities in advance of the performance, including dressing and restroom facilities which were not readily observable due to the darkened venue.

11. That ANNABI was provided only verbal instruction of the venue layout and left to locate venue facilities without assistance.

12. That although ANNABI followed the directions provided he suddenly stepped off the open-sided stage falling violently to the ground a distance of ten feet sustaining serious personal injuries as hereinafter set forth.

13. That the defendants' open-sided stage without guardrails concealed by a dark curtain at the threshold of a 10 foot drop-off without warning of the precipitous abyss was an unreasonably dangerous latent condition neither readily observable nor reasonably foreseeable under the existing conditions.

14. That defendants LIVE NATION and 20 MONROE BLDG had a duty to its invitees including plaintiff to maintain its premises in a reasonably safe condition for the benefit of invitees including proper guarding, lighting and warning of known hazards.

15. That defendants LIVE NATION and 20 MONROE BLDG breached its duty to plaintiff by creating an unreasonably hazardous condition to exist, while posting no warnings to invitees of this dangerous and unsafe condition.

16. That defendants LIVE NATION and 20 MONROE BLDG either created this unreasonably hazardous condition, knew of or should have known that this condition existed, and yet allowed said condition to exist for an unreasonable length of time.

17. That the open-sided stage without guardrails was neither open nor obvious upon casual inspection to an ordinary user due to the unforeseen danger of a 10 foot drop-off concealed behind a darkened curtain with neither guardrails nor warnings of the dangerous latent condition posing a substantial risk for substantial injury.

18. That the latent danger posed by an open-sided stage without guardrails on defendants' premises created an unreasonable risk of injury due to a substantial likelihood of substantial injury from a precipitous 10 foot drop-off obviating any open or obvious condition under Michigan law.

19. That the character, location and surrounding conditions of the open-sided stage without guardrails constitutes a special aspect under Michigan law as either effectively unavoidable for all practical purposes or unreasonably dangerous despite its obviousness.

20. That plaintiff SAMIR ANNABI's injuries were the direct proximate result of defendants' negligence, consisting of without being limited to the following:

    a. That defendant LIVE NATION and 20 MONROE BLDG. maintained its premises in an unreasonably dangerous condition by having an unguarded open sided stage concealed by a dark curtain without warning that defendants either created or should have known existed for a sufficient time, creating an unreasonable risk of harm to plaintiff and others lawfully upon said premises.

    b. That defendant LIVE NATION and 20 MONROE BLDG failed to warn plaintiff of the dangerous and hazardous condition of its premises by failing to, put up guardrails, post signs, barricades or other means to cordon off said area to plaintiff or others lawfully on said premises.

    c. That defendant LIVE NATION and 20 MONROE BLDG failed to provide plaintiff a safe and nonhazardous route on its premises.

    d. That defendant LIVE NATION and 20 MONROE BLDG failed to provide adequate lighting on the stage for the benefit of foreseeable invitees, including plaintiff.

21. That plaintiff SAMIR ANNABI acted with reasonable care and was not comparatively negligent.

22. That as a direct and proximate result of the defendants' negligence, plaintiff SAMIR ANNABI sustained severe personal injuries, including but not limited to a left apical

pneumothorax requiring surgery, grade 3 splenic injury with hemoperitoneum, multiple rib fractures, L1-L4 TP fractures, L4-L5 disc bulge, which injuries are progressive and permanent in nature.

23. That if it is established that plaintiff, SAMIR ANNABI, was suffering from any of the aforestated conditions prior to this accident, then and in that event plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing accident.

24. That as a result of his injuries, plaintiff SAMIR ANNABI has experienced and continues to experience pain and suffering, humiliation, disability, mental anguish, embarrassment, wage loss and has incurred medical and hospital bills for his care and treatment.

25. Further, plaintiff SAMIR ANNABI, has suffered the loss of his ability to engage in various employment, household, social and recreational activities as a result of his injuries.

Wherefore, plaintiff SAMIR ANNABI prays for a judgment against the defendant LIVE NATION WORLDWIDE, INC., and 20 MONROE BLDG CO LTD PARTN for whatever amount he shall be found to be entitled to together with interest, court costs and attorney fees so wrongfully incurred.

**DEMAND FOR JURY IS HEREBY MADE**

    S/ Kenneth D. Finegood
Kenneth D. Finegood, P.L.C.
29566 Northwestern Hwy Ste. 120
Southfield, MI 48034
248-351-0608
KDFesq44@AOL.com
(P36170)

Dated: February 10, 2020