IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SAMIR ANNABI,   Case No. 1:20-cv-122
   Hon. Hala Y. Jarbou

    Plaintiff,

V

LIVE NATION WORLDWIDE, INC.,
d/b/a 20 MONROE LIVE, a Foreign Corporation,
and 20 MONROE BLDG. CO. LTD PARTN,
A Michigan business entity,

    Defendants.
_____/

| KENNETH D. FINEGOOD, P.L.C. | CLARK HILL PLC |
|---|---|
| KENNETH D. FINEGOOD (P36170) | ANTHONY A. AGOSTA (P57355) |
| Attorney for Plaintiff | MARIA A. RUGGIRELLO (P82264) |
| 29566 Northwestern Hwy Ste. 120 | Attorneys for Defendants |
| Southfield, MI 48034 | 500 Woodward Ave., Suite 3500 |
| 248- 351-0608 | Detroit, MI  48226 |
| Kdfesq44@aol.com | 313-965-8300 |
|  | aagosta@clarkhill.com |

_____/

# **PLAINTIFF'S ANSWER OPPOSING**

# **MOTION IN LIMINI REGARDING ECONOMIC DAMAGES (DOC. 46)**

1

Now Comes Plaintiff, Samir Annabi and for his answer to defendant Live Nation Worldwide, *et al*, Motion in Limini Regarding Economic Damages hereby denies defendant's motion in its entirety as untrue and contrary to applicable law for the reasons more particularly set forth in the brief attached herein.

                                Respectfully submitted,

                                S/<u>Kenneth D. Finegood</u>
                                  Kenneth D. Finegood, P.L.C.
                                  29566 Northwestern Hwy Ste 120
                                  Southfield, MI 48034
                                  248-351-0608
Dated: December 7, 2021              KDFesq44@AOL.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SAMIR ANNABI,   Case No. 1:20-cv-122
  Hon. Hala Y. Jarbou

    Plaintiff,

V

LIVE NATION WORLDWIDE, INC.,
d/b/a 20 MONROE LIVE, a Foreign Corporation,
and 20 MONROE BLDG. CO. LTD PARTN,
A Michigan business entity,

    Defendants.
_____/

| KENNETH D. FINEGOOD, P.L.C. | CLARK HILL PLC |
|---|---|
| KENNETH D. FINEGOOD (P36170) | ANTHONY A. AGOSTA (P57355) |
| Attorney for Plaintiff | MARIA A. RUGGIRELLO (P82264) |
| 29566 Northwestern Hwy Ste. 120 | Attorneys for Defendants |
| Southfield, MI 48034 | 500 Woodward Ave., Suite 3500 |
| 248- 351-0608 | Detroit, MI  48226 |
| Kdfesq44@aol.com | 313-965-8300 |
|  | aagosta@clarkhill.com |

_____/

**BRIEF OPPOSING MOTION IN LIMINI
REGARDING ECONOMIC DAMAGES**

3

# **TABLE OF CONTENTS**

Index of Authorities ……………..…………..……………………………..………v

Index of Exhibits ………………………………………………………………………vi

Counter Statement of Facts..………..……………….……………………..…...1

      i.     Plaintiff Samir Annabi Testimony……………………………………..4

Argument………………………………….……………………………………….6

Conclusion …………………………………....……………………………….…10

# **INDEX OF AUTHORITIES**

## **CASES**

*Dunn v State Farm Mut. Auto. Ins. Co*., 264 F.R.D. 266, 274 (E.D. Mich 2009)..7

*Goldman v. Healthcare Management Sys., Inc*. 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008)………..…………………………………………………………………..8,10

*Provident Life & Acc. Ins. Co. v. Adie,* 176 F.R.D. 246, 250 [*5] (E.D. Mich. Sept. 27, 1997) (Gadola, J.)………………………………………….…6,8

*Sperberg v Goodyear Tire & Rubber Co.* 519 F. 2d. 708, 712(6th Cir. 1975)…8

*U.S. v Brawner*, 173 F. 3d 966, 970 (6th Cir. 1999)…………………………..6

*Weber Mfg Technologies, Inc v Plasan Carbon Composites*, 2016 U.S. Dist. LEXIS 100127, at (E.D. Mich Aug. 1, 2016)………………………….……7

# **INDEX OF EXHIBITS**

Exhibit 1: Dr. Bradley Cash, MD- Excerpt

Exhibit 2: 2018 and 2019 Tax Returns-Excerpt

Exhibit 3: Plaintiff's Supplemental Answers to Request for Production of Documents

Exhibit 4: Email regarding Plaintiff's rate of pay

Exhibit 5: Workers Compensation Lien Letter 12/2/2021

Exhibit 6: Notice of Decision 10/21/2021 Judge Tiffany Gordon State of New York

## COUNTER STATEMENT OF FACTS

Plaintiff Samir Annabi ("Annabi") claims damages for injuries from a fall on defendant Live Nation Worldwide, Inc. d/b/a 20 Monroe Live, (collectively referred to as "Live Nation") premises on May 2, 2019. Annabi was a business invitee, employed as a Utility Runner for international hip hop artist DMX in the course of a multi-state tour on the date of this occurrence. (Annabi, 18; ECF 28-7 ID259)

Annabi's job duties included checking the performance venue's layout including locations of green room, bathroom facilities and other amenities. (Annabi, 74) Upon bus arrival, Annabi entered the Live Nation/20 Monroe Live venue through the front entrance to begin his duties prior to a performance that evening. (Annabi, 40; ECF 28-7 ID264)

Annabi requested assistance from Live Nation employee but instead was provided only verbal direction to the green room/stage area.

The "right-stage wings" sit four (4) feet below the stage surface. The right stage edge borders the right stage wing area with a curtain without guardrails to protect against falls from the raised stage surface to the right stage wing four (4) feet below. Defendant posted no warnings of the unguarded open sided stage edge concealed behind curtains to warn of the latent risk of foreseeable falls. (Barsoum, 36)

1

At the time of the occurrence, Annabi was searching for the green room and stage wing area. Feeling no guardrail behind the right-stage wing curtain, Annabi took one step beyond the curtain falling the four (4) feet distance landing precipitously on compressed gas tanks below. Annabi sustained permanent injuries including multiple spinal fractures and surgery.

Annabi was conveyed by ambulance to Butterworth Hospital in Grand Rapids, for emergency treatment.

Annabi sustained the following acute injuries:

- Multiple Rib Fractures Left 4-10
- Multiple Lumbar Transvers Process Vertebrae Fractures L1-L4
- Grade III Splenic Laceration 7.7 cm with Hemoperitoneum (Internal Abdominal Bleeding)
- Hemothorax (Internal chest wall bleeding
- Pneumothorax (Collapsed lung)

Annabi was admitted as an inpatient for fifteen (15) days.

Annabi returned to his home in Yonkers, New York upon discharge from the Hospital. Annabi has remained under the care of multiple physicians through the present time.

Plaintiff's primary care physician Dr. Bradley Cash, MD testified on November 24, 2021 that Annabi continues to suffer cervical radiculopathy due to three herniated cervical discs objectively shown on positive MRI and EMG testing. Dr. Cash testified that Annabi is presently "100 percent temporary disabled":

 8 Q  Did you form an opinion to a reasonable degree of medical
 9     certainty with regard to a disability from work or work
10     disability as of the time you first saw him and then
11     throughout the time you have treated him, including
12     present?
13 A  **His disability has been, since I have seen him and has not**
14     **changed, a hundred percent temporary [sic] disabled.**

15 Q  A hundred percent temporary disabled? And what do you mean
16     by that in -- in laymen's terminology?
17 A  **It means he can't work at this time, at any -- at any job,**
18     **any occupation, even sedentary.**

21 Q  Okay. Now, have you formed an opinion based upon a
22     reasonable degree of medical certainty, history, your
23     treatment, diagnostic testing, evaluations regarding
24     prognosis for Mr. Annabi as of the date you saw him most
25     recently, November 22 of 2021?
 1 A  **He still -- he still has a guarded prognosis, because he**
 2     **hasn't received appropriate treatment and he also has only**
 3     **minimally improved.**

 4 Q  And by guarded, would that include restrictions of any
 5     kind?
 6 A  Yes, he had -- he certainly has all types of restrictions.

 7 Q  And for what period of time do you believe that he would be
 8     considered a hundred percent temporary dis- -- disabled
 9     from work, including restrictions?
10 A  **He has been since the date of the fall until -- until**
11     **present. And unless anything changes, he will -- he will**
12     **be for long-term, unless if he fails treatment. Then, at**
13     **that point, the determination would have to be made after**
14     **he fails treatment that he's -- that the temporary becomes**
       **permanent**. (Exhibit, 1)[1]

---

[1] The deposition transcript of Dr. Cash has not been completed as of the date of filing. The excerpted testimony is provided as a courtesy by the court reported prior to final completion of the transcript.

3

### i. **Plaintiff Samir Annabi Testimony**:

Annabi was employed as a Utility/Runner for international hip hop star DMX. At the time of the accident, Annabi was paid for his duties during the tour beginning April 2019 through May 2019.

Q. So there was a tour in 2019 with DMX?
**A. Yes**.

Q. And that was when you started officially with the team?
A. **Yes. Well, I did other dates with them, but it was as an intern. There were like, okay, teaching me what I need to do, how to do everything, and, you know, at tour time they offered me the job…** (Annabi, 13;ECF 28-7 ID257)

Prior to 2019, Annabi was employed by Horizon as a home health care provider:

Q. What else did you do besides interning for Dogz4Life for those three to four years?
A. **Like health. I was in health taking care of like my parents for Verizon and another 18 company, Horizon I believe**
…
Q. Horizon?
A. **I believe so**. (Annabi, 14; ECF 28-7 ID258)
…
Q. Let's say in the year 2018, what income did you earn in 2018?
A. **Just my health job, the health home care**.

Q. Who paid you that?
A. **Horizon was one of the companies and then I worked for the other company. I told you the name earlier. I forgot the name of it. It's on my tax returns, but that's it**. (Annabi, 71; ECF 28-7 ID272)
…
Q. In 2019, before the tour started, had you earned any income?
A. **Yeah, I was still working for them**. *Id*(Annabi, 71; ECF 28-7 ID272)

4

Annabi's tax returns for 2018 and 2019 reflect earnings of $25,750.00 and $26,182.00, respectively. (Exhibit 2)[2]  Annabi was to receive $400.00 per show or $2,000.00 per week while on tour according to Production Manager Pat Gallo. (Exhibit 4)[3]

Following the accident Annabi received workers compensation through the State of New York:

Q. Is workers' comp paying you on a monthly basis?
**A. It's every two weeks**.

Q. And how much are you receiving in workers' comp?
A. **Well, I was receiving a hundred percent which was $904 a week, so every Two weeks I would get 1800**…(Annabi, 10; ECF 28-7 ID257)
Q. Okay. Do you know -- at one point your attorney, Mr. Finegood, sent us a letter, this was dated back February 24th of 2020, and it said at that point you had received around 31,000 in medical benefits and 28,000 in indemnity benefits. Do you know the current total that you've received as of today in workers' compensation benefits?
A. I have no clue.

Following the June 2021 deposition, counsel forwarded an updated lien letter from workers compensation third party administrator, Cannon Cochran Management Services, Inc. through March 2021 in the amount of, $77,083.85 (indemnity) $33,214.63 (Medical) Updated lien information was provided to defendant at the time of the magistrate facilitation in July, 2021 in the amount of

---

[2] Plaintiff has served Supplemental Answers to Request for Production of Documents which include 2018 and 2019 Federal Tax records. (See Exhibit 3)
[3] Exhibit 4 was included in Supplemental Answers to Request for Production of Documents

5

$91,464.76 (indemnity). At present, Annabi has received total of $104,798.16 (indemnity) and $36,890.25 (Medical) as of December 2, 2021. (Exhibit 5)

As of October 21, 2021, Annabi's workers compensation rate was determined to be $666.67 per week.[4]

At present, defendant Live Nation motions this Court *in limini* to preclude evidence of Annabi's claim for future wage loss as speculative. Contrary to defendant stated position, defendant's motion should be denied.

## ARGUMENT

The Federal Rules of Evidence and Civil Procedure utilize pretrial procedures — including motions *in limine* — "[I]n order to narrow the issues remaining for trial and to minimize disruptions at trial". *U.S. v Brawner*, 173 F. 3d 966, 970 (6th Cir. 1999)

"Motions *in limine* typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Provident Life & Acc. Ins. Co. v. Adie,* 176 F.R.D. 246, 250 [*5] (E.D. Mich. Sept. 27, 1997) (Gadola, J.).

Although motions *in limine* are useful for pretrial evidentiary issues, the Sixth Circuit does not countenance their use as disguise in lieu of a motion for

---

[4] Exhibit 6 Notice of Decision 10/21/21 Judge Tiffany Gordon State of New York

summary judgment. *Weber Mfg Technologies, Inc v Plasan Carbon Composites*, 2016 U.S. Dist. LEXIS 100127, at (E.D. Mich Aug. 1, 2016) ("Courts in the Sixth Circuit have consistently denied litigants' attempts to seek the wholesale exclusion of claims or defenses" *Id.*\*7-8); See also, *Dunn v State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich 2009) ("[M]otions in limine are meant to deal with discrete evidentiary issues related to trial and are not [an] excuse to file dispositive motions disguised as motions in limine."

As the court in *Dunn* observed,

"The denial of a motion *in limine* is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case." *Id.* 275

In the present case, defendant Live Nation argues the merits of its case in the guise of a motion *in limine*. Defendant argues that Annabi's future wage loss is too speculative, since the entertainer DMX died on April 9, 2021 "[T]herefore (plaintiff) would not have continued touring with this crew after that time…" (Def. brief, p. 4) Similarly, defendant argues against plaintiff's future wage loss claim, since he was "quarantine at home" due to the COVID-19 global pandemic.

Defendant's argument is unavailing. Defendant conspicuously ignores Annabi's employment history as a home health aide professional for Horizon in 2018. (Annabi, 14, 71) Defendant further ignores fact that Annabi has not worked since this accident resulting from a 100 percent total disability due to his injuries

7

and not the Covid 19 global pandemic. Defendant's argument is without factual foundation, since Annabi continues to receive workers compensation for his work related injuries and not because of the Covid 19 pandemic.

Regardless, defendant's attempt to argue material factual disputes in the guise of a motion in *limine* should have been argued in its summary judgment motion. *Goldman v. Healthcare Management Sys., Inc*. 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) ("Factual questions should not be resolved through motions in limine") citing, *Provident Life, supra,* ("denying a motion in limine to bar defendant from raising certain defenses at trial because there were factual disputes…") See also, *Sperberg v Goodyear Tire & Rubber Co.* 519 F. 2d. 708, 712(6th Cir. 1975) (""Orders in limine which exclude broad categories of evidence should rarely be employed."*Id.* 712)

Defendant further seeks to preclude plaintiff's future wage loss claim based upon alleged failure to produce documents. But again, as stated *supra*, any alleged failure would have should have been handled by a discovery motion to compel or summary judgment not the present motion *in limine*. Since plaintiff is not in any violation of Court orders, any alleged failure to produce is not properly before the Court.

Regardless, defendant's position is not entirely consistent with the facts. Plaintiff's Answers to Interrogatories state as follows:

8

**INTERROGATORY NO. 3:** Identify the name, address and telephone number of each of your employers during the past ten years.

**RESPONSE:**     **Dogz 4 Life Touring, Inc.**
**Horizon Health Aid**
**Vertical Health Aid**

At defendant's request, Annabi signed authorizations for the release of records of each of the listed employers including workers compensation insurance carrier New York Marine General Insurance Co. and their third party administrator, Cannon Cochran Management Services, which defendant upon information and belief received over one year ago. Defendant's motion acknowledges that Annabi "receives worker's compensation in an amount of $904.00 per week". And plaintiff has provided defendant with updated lien amounts for medical expense and wage loss benefits as accrued. Thus, there can be nothing speculative about Annabi's wage loss claim.

In response to Request for Production of Documents regarding federal tax returns, Annabi answered, "Plaintiff has no documents in his possession, custody or control". At no time has Annabi ever objected or refused to produce tax returns, nor has defendant even requested plaintiff to sign an authorization for the release of tax records. Annabi is not in violation of any order of the Court for production of documents since defendant has never so moved the court.

Regardless, Annabi has since supplemented his answers to defendant's request for production of documents, providing federal and state tax returns, including forms 1040 and W2 for years 2018 and 2019.

## **CONCLUSION**

In the present case, defendant improperly argues material factual issues in its motion *in limine* to preclude plaintiff's claim for economic damages. "Factual questions should not be resolved through motions *in limine*". *Goldman*, supra, Defendant's allegation that, "[N]o-one has testified that Plaintiff's injury has rendered him incapable of performing the duties of a runner in the music industry", is simply without factual foundation. Dr. Cash has testified to Annabi's present 100 percent total work disability, restrictions and guarded prognosis into the future. (*Supra*)

Likewise, defendant seemingly ignores Annabi's work history as a home health care provider prior to this accident. There is simply no factual or legal basis for defendant's motion.

Plaintiff requests this Honorable Court deny defendant's motion forthwith.

                                              S/ <u>Kenneth D. Finegood</u>
                                              Kenneth D. Finegood, P.L.C.
                                              29566 Northwestern Hwy Ste 120
                                              Southfield, MI 48034
                                              248-351-0608
                                              KDFesq44@AOL.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

CLARK HILL PLC
ANTHONY A. AGOSTA (P57355)
MARIA A. RUGGIRELLO (P82264)
Attorneys for Defendants
500 Woodward Ave., Suite 3500
Detroit, MI  48226
313-965-8300
aagosta@clarkhill.com

S/  Kenneth D. Finegood
    Kenneth D. Finegood, P.L.C.
    29566 Northwestern Hwy Ste 120
    Southfield, MI 48034
    248-351-0608
    KDFesq44@AOL.com
    (P36170)