UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

SAMIR ANNABI,

    Plaintiff,

v

    Case No: 1:20-cv-122

    Hon. Hala Y. Jarbou

LIVE NATION WORLDWIDE, INC.,
d/b/a 20 MONROE LIVE, a Foreign Corporation,
and 20 MONROE BLDG. CO. LTD PARTN,
A Michigan business entity,

    Defendants.
_____/

## JOINT FINAL PRETRIAL ORDER

A final pretrial conference was held on the 14th day of December, 2021.

Appearing for the parties as counsel were:

    Plaintiff's Attorney:
    Kenneth D. Finegood

    Defendants' Attorney:
    Anthony A. Agosta

**(1) Exhibits:** The following exhibits will be offered by the plaintiff and the defendants:

    a. **Plaintiff's Exhibits**

| Exhibit# | Description | Received | Objections |
|---|---|---|---|
| 1 | Records of American Medical Response | Stipulated | |
| 2 | Butterworth Hospital Records | Stipulated | |
| 3 | Discharge Summary Butterworth Hospital | Stipulated | |
| 4 | CT Scan Reports | Stipulated | |
| 5 | Dr. Yakov Perper Universal Pain Management, PC Records | | Unsworn Record inadmissible hearsay |

| Exhibit# | Description | Received | Objections |
|---|---|---|---|
| 6 | Medical records Bradley Cash, MD | Stipulated | |
| 7 | Curriculum Vitae-Bradley Cash, MD | Stipulated | |
| 8 | MRI Report 7/29/20 | Stipulated | |
| 9 | EMG Report 8/3/20 | Stipulated | |
| 10 | Progress Note 10/25/21 Tauseef Ahmed, MD | | Unsworn Record inadmissible hearsay |
| 11 | Records of Doctor Gregory Emili | Stipulated | |
| 12 | Medical Report of Yadagini Chepuru, M.D | | Unsworn Record inadmissible hearsay |
| 13 | Curriculum Vitae-Benjamin Gayed, MD | Stipulated | |
| 14 | Balm of Gilead Medical Office, P.C. Records | Stipulated | |
| 15 | Cannon Cochran Mgmt Svcs lien letter 12 2 21 | | Unsworn Record inadmissible hearsay |
| 16 | Venue Incident Report | Stipulated | |
| 17 | Photograph of area Pl landed on helium tank | | Object – foundation |
| 18 | Photograph of stage and equipment | | Object – foundation |
| 19 | Photograph of stage where Plaintiff fell off | | Object - foundation |
| 20 | Floor Plan with annotation of stage area | Stipulated | |
| 21 | Steven Ziemba CV | Stipulated | |
| 22 | Steve Ziemba Report | | Hearsay |
| 23 | U.S. State Life Tables/National Vital Statistics Reports | | Late and foundation |
| 24 | Income Tax Records 2018 and 2019 | | Late production |
| 25 | Email regarding rate of pay for Plaintiff | | Late and foundation |
| 26 | Dep Transcript of Sue Barsoum | | Called live |
| 27 | Dep Transcript/Exhibits Dr. Cash, | | Called live |
| 28 | Dep Transcript/Exhibits Dr. Gayed, | | Called live |

b. **Defendants' Exhibits.**

| Exhibit# | Description | Received | Objections |
|---|---|---|---|
| A | Complaint | Stipulated | Relevance |
| B | Photos of Venue | Stipulated | Never produced in discovery |

| Exhibit# | Description | Received | Objections |
|---|---|---|---|
| C | Spectrum Health - Medical and ~~Billing~~ Records<br><br>*WITHDRAWN as to Billing records only | Stipulated | |
| D | St. John's Riverside Hospital Records | | Relevance |
| E | Balm of Gilead Medical Office, P.C. Records | Stipulated | |
| F | ~~Plaintiff's Workers Compensation File – Records from Cannon Cochran Mgmt Svcs, Inc. (CCMS)~~<br><br>* WITHDRAWN | | Relevance (Stip to lien letter only) |
| G | Universal Pain Management, PC Records | Stipulated | |
| H | Records of Dr. Joseph J. Denatale, MD, PC | | Unsworn DME Record inadmissible hearsay |
| I | ~~Records of New York Marine and General Insurance Company~~<br><br>* WITHDRAWN | | |
| J | Records of Doctor David B. Brown | | Unsworn DME Record inadmissible hearsay |
| K | Records of Doctor Gregory Emili | Stipulated | |
| L | Records of Doctor Robert M. Simon | | Unsworn DME Record inadmissible hearsay |
| N | Venue Incident Report | Stipulated | |
| O | 20 Monroe Live Information Packet | Stipulated | |
| P | Videos of Plaintiff entering and in the venue | Stipulated | |

**(2) Uncontroverted Facts:** The parties have agreed that the following may be accepted as established facts:

1. Plaintiff Samir Annabi is a citizen of the state of New York, domiciled as a permanent resident of the city of Yonkers, New York.

2. At the time of the incident complained of defendant Live Nation Worldwide, Inc. (hereinafter referred to as "Live Nation") was a foreign corporation, incorporated in the state of Delaware, doing business as 20 Monroe Live, an entertainment venue located at 11 Ottawa Ave., NW, Grand Rapids, MI 49503.

3. At the time of the incident complaint of defendant 20 Monroe Bldg. Co. Ltd. Partn (hereinafter referred to as "20 Monroe Bldg.") was a Michigan business entity, that owned the entertainment venue located at 11 Ottawa Ave., NW, Grand Rapids, MI 49503.

4. Live Nation operates the venue located at 11 Ottawa Ave., NW Grand Rapids, MI 49503 (the "Venue"), and operated the Venue on May 2, 2019.

5. On or about May 2, 2019, Plaintiff was on Defendants' premises while working as a runner for the entertainer DMX, performing at the venue known as 20 Monroe Live.

6. On May 2, 2019, the date of the accident alleged in the Complaint, Plaintiff arrived at Defendants' concert venue located in Grand Rapids, Michigan, to work as a runner in advance of a DMX concert scheduled for that same evening.

**(2) Controverted Facts and Unresolved Issues.** The factual issues remaining to be determined and issues of law for the Court's determination are:

- Nature and extent of plaintiff's damages, including amounts of past and future economic and noneconomic damages (Defendants object to Plaintiff's assertion of economic damages)

- Whether Plaintiff was an invitee, licensee, or trespasser at the time of his alleged injury; and (Plaintiff objects because there is no factual basis that plaintiff was a trespasser or licensee while on defendant's premises, since he was granted permission to enter by Brooke at all times).

- Whether the danger alleged by Plaintiff leading to his fall was open and obvious. (Plaintiff objects for the reason that there is no factual basis that the unguarded stage edge behind the curtain was open and obvious i.e. "readily observable upon casual inspection by the ordinarily observant person").

**(4) Witnesses.**
  Plaintiff:
    a. Will Call
      i. Samir Annabi – Plaintiff -Live in Person

      ii. Suzanne Barsoum-Defendant's employee-Live in Person

      iii. Expert-Steven Ziemba, Premises Liability/Safety Consultant/Hazard Analysis- Live in Person

      iv. Expert-Dr. Bradley Cash, MD Treating physician Physical Medicine and Rehabilitation Spinal Options, 4 Westchester Park Drive, Ste. 325, White Plains, NY 10604- (Video Deposition)

      v. Expert-Dr. Benjamin Gayed, MD Butterworth Hospital, Trauma Surgery 100 Michigan St. NE, Grand Rapids, MI 49503-2560 (Video Deposition)

  b. May Call

      i. Expert-Dr. Yadagini Chepuru, M.D., 984 North Broadway, #500A, Yonkers, NY 10701 Non retained medical expert in Psychiatry (Video Deposition)

      ii. Patrick Gallo, Divine Bars Production (Video Deposition)

      iii. Mike Guarino - Cannon Cochran Management Services Inc., PO BOX 1127, Neptune, NJ 07753 – to testify to Workers Compensation Lien (Video Deposition)

      v. Defendants:

        a. Will Call:

          i. Suzanne Barsoum
1. Will testify in person concerning the Venue, information conveyed to Plaintiff prior to his arrival, the tour arrival, videos of Plaintiff entering and in the venue, the investigation into Plaintiff's incident, among other things.

          ii. Dr. David B. Brown
1. 4747 Main St., Bridgeport, CT 06606
2. Orthopedic Surgery - will testify via video consistent with the information contained in his medical records concerning Plaintiff.

          iii. Dr. Gregory Emili, MD
1. 4626 White Plains Rd., Bronx, NY 10470
2. Internal medicine - will testify via video consistent with the information contained in his

- 
  - 
    - 
      - medical records concerning Plaintiff.
    - iv. Dr. Robert Simon
      1. 455 Central Park Ave., St 208, Scarsdale, NY 10583
      2. Rehabilitation/Pain Medicine - will testify via video consistent with the information contained in his IME and medical records concerning Plaintiff
  - b. May Call:
    - i. Plaintiff's girlfriend – may testify in person (Plaintiff objects unlisted witness)
    - ii. Dr. Yakov Perper
      1. 25-03 27th Street, Astoria, New York 11102
      2. Pain management - may testify via video consistent with the information contained in his medical records concerning Plaintiff.
    - iii. Dr. Joseph De Natale (Plaintiff Objects unlisted witness) – (Defendants' response is the witness is listed by Plaintiff.)
      1. 455 Central Park Ave., St 208, Scarsdale, NY 10583
      2. Internal medicine - will testify in person consistent with the information contained in his medical records concerning Plaintiff.
    - iv. Dr. Yadagini Chepuru, M.D.
      1. 984 North Broadway, #500A, Yonkers, NY 10701
      2. Psychiatry - may testify via video consistent with the information contained in his medical records concerning Plaintiff
    - v. Benjamin N. Gayed, M.D.
      1. Butterworth Hospital, 100 Michigan St. NE, Grand Rapids, MI 49503-2560
      2. Trauma/Surgical Critical Care - may testify in person consistent with the information contained in

      his medical records concerning Plaintiff
- vi. Dr. Miroslav Nudelman, MD
    1. 329 White Plains Rd., Ste. 100, Eastchester, NY 10709
    2. Pulmonology - may testify via video consistent with the information contained in his medical records concerning Plaintiff
- vii. Karen Doblin
    1. 200 South Broadway Suite 205, Tarrytown, NY 10591
    2. may testify via video consistent with the information contained in her medical records concerning Plaintiff
- viii. Dr. David J. Burkard
    1. Butterworth Hospital, 100 Michigan St. NE, Grand Rapids, Michigan 49503
    2. Emergency medicine - may testify via video consistent with the information contained in his medical records concerning Plaintiff.
- ix. Dr. Dennis Suzara
    1. Butterworth Hospital, 100 Michigan St. NE, Grand Rapids, Michigan 49503
    2. Physical Medicine and Rehabilitation - may testify via video consistent with the information contained in his medical records concerning Plaintiff.
- x. Dr. Trevor M. Cummings
    1. Butterworth Hospital, 100 Michigan St. NE, Grand Rapids, Michigan 49503
    2. Emergency medicine - may testify via video consistent with the information contained in his medical records concerning Plaintiff.
- xi. Jeffrey Q. Chen M.D.

             1. Butterworth Hospital, 100 Michigan St. NE, Grand Rapids, MI 49503-2560
             2. Anesthesia Acute Pain - may testify via video consistent with the information contained in his medical records concerning Plaintiff.
       xii. Smitha Mellecheron, MD
             1. 984 N. Broadway Suite 311 Yonkers, NY 10701
             2. Hematology - may testify via video consistent with the information contained in her medical records concerning Plaintiff.
       xiii. Lindsey Dubey
             1. may testify in person concerning the Venue, information conveyed to Plaintiff prior to his arrival, the tour arrival, videos of Plaintiff entering and in the venue, the investigation into Plaintiff's incident, among other things.
       xiv. Ashley Danhoft
             1. may testify in person concerning the Venue, information conveyed to Plaintiff prior to his arrival, the tour arrival, videos of Plaintiff entering and in the venue, the investigation into Plaintiff's incident, among other things.
       xv. Brooke Parnell
             1. may testify concerning her interactions with Plaintiff.

**(5) Depositions and Other Discovery Documents.** All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendants are:

**PLAINTIFF:**
- o   Plaintiff's Supplemental Answers to Request for Production of Documents
    - o   Defendant objects
- o   Supplemental Answers Request for Production No. 10
    - o   Defendant objects
- o   Supplemental Answers Request for Production No. 14

        ○ Defendants object

**DEFENDANT:**
- Plaintiff's Responses to Defendants' Discovery Requests
    - Interrogatory No. 2
    - Interrogatory No. 3
    - Interrogatory No. 8
    - Interrogatory No. 9
    - Interrogatory No. 16
    - Request for Production No. 5
    - Request for Production No. 10

**(6) Length of Trial.** Counsel estimate the trial will last approximately 3-4 full days, allocated as follows: **1.5-2** days for plaintiff's case; **1.5-2** for defendants' case; **0 days** for other parties.

**(7) Prospects of Settlement.** The statute of settlement negotiations is:

The parties have been engaging in settlement negotiations but remain far apart in reaching an agreeable settlement value. At the present time, Plaintiff demands $750,000.00 to resolve his claims, while Defendants have offered $35,000.00. Defendant then offered to bracket settlement discussions wherein if Plaintiff demanded $475,00 in response Defendant would offer $100,000. Parties are continuing negotiations pending New York statutory requirement to settle third party litigation.

Dated: December 17, 2021    Respectfully submitted,

/s/ *Kenneth Finegood*    /s/ *Anthony Agosta*
KENNETH D FINEGOOD, P.L.C.    CLARK HILL PLC
Kenneth D. Finegood (P36170)    Anthony A. Agosta (P57355)
Attorney for Plaintiff    Maria A. Ruggirello (P82264)
    Attorneys for Defendants

**IT IS SO ORDERED.**

Dated: December 20, 2021    /s/ Hala Y. Jarbou
    HALA Y. JARBOU
    UNITED STATES DISTRICT JUDGE